IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD BAKER,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO.:** |
| | ) | |
| VS. | ) | _____ |
| | ) | |
| **NUCOR STEEL BIRMINGHAM, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | **Jury Demanded** |

# COMPLAINT

COMES NOW the Plaintiff, Ronald Baker, a resident of Alabama who was employed by Nucor Steel Birmingham, Inc., (hereinafter referred to as "Defendant" OR "Nucor"). Plaintiff contends that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. In support thereof, Plaintiff hereby alleges the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, including, but not limited to, 42 U.S.C. § 2000e-5(3)(A) and (B), and 42 U.S.C. § 1981. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331.

2. Venue in this Court is appropriate for all causes of action stated herein pursuant to 28 U.S.C. § 1391(b)(2) because the acts alleged as a basis for the federal claims were committed within the jurisdiction of the United States District Court for the Northern District of Alabama. This action is brought within the state where the unlawful employment practices were committed, making venue proper under 42 U.S.C. § 2000e, *et seq*.

3. This Court has personal jurisdiction over the Defendant for the purposes of this lawsuit.

## PARTIES

4. Plaintiff, Ronald Baker (hereinafter "Plaintiff"), is an African American male citizen of the United States and a resident of Tuscaloosa County, Alabama. At all times material to this Complaint, Plaintiff was a resident of this Judicial District and Division and an employee of Nucor.

5. Defendant Nucor Steel Birmingham, Inc., a foreign corporation, whose principal place of business is located at 2301 F.L. Shuttlesworth Drive, Birmingham, Alabama 35234, which is in the Southern Division of the Northern District of Alabama, and is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

6. At all times relevant in this lawsuit, the Defendant Nucor has continuously been doing business in the State of Alabama and has continuously had at least 15 employees.

7. At all times relevant to this lawsuit, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Title VII § 701(b), (g) and (h), 42 U.S.C. § 2000e-(b), (g) and (h).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff has timely and fully complied with all prerequisites for administrative exhaustion required for jurisdiction in this court under Title VII, and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred

9. In particular, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of Defendant's discriminatory acts and their effects on the Plaintiff. On or about August 6, 2017, the EEOC issued to the Plaintiff a "Dismissal and Notice of Rights" letter, including a "Notice of Suit Rights" (a copy of which is attached hereto as Exhibit "A"). This lawsuit is timely filed within 90 days of his receipt of that notice.

## STATEMENT OF FACTS

10. Plaintiff adopts and incorporates by reference paragraphs 1-9 above as if fully set forth herein.

11. On or about July 9, 2012, Plaintiff commenced his employment with Defendant Nucor. Plaintiff has remained in the employ of Defendant continuously since that date.

12. Plaintiff began working for Nucor in the Melt Shop department, and was assigned a level two pay grade by Nucor.

13. The Plaintiff had equivalent or more skills and experience, and performed tasks that required the same or higher skill and level of work, as Caucasian employees that were less qualified but were hired at higher pay grades than Plaintiff and received better job classifications. Plaintiff was denied, on a continuing basis, equal pay for equal work, and the Plaintiff suffered continuing wage discrimination.

14. Furthermore, Plaintiff did not receive training and/or mentoring that was provided to Caucasian employees that performed the same job tasks as the Plaintiff.

15. Despite Plaintiff's efforts to advance in his employment, there has been a failure to promote him to a level and at a rate commensurate with his skills, performance and experience, due to racial discrimination. Similarly situated Caucasian employees have started at positions higher than the Plaintiff, and received faster and more promotions than the Plaintiff despite the Plaintiff having equal or better skill level, experience and/or performance.

16. Plaintiff has never been promoted to a lead shift mechanic position, the highest non-supervisory role in the department, a position for which he was and is qualified, while Caucasian employees of equal or less or similar experience, skill and/or qualification have.

17. As Nucor's promotion and pay grade system takes into consideration previously or currently Nucor job titles, positions, and Nucor job experience, the discrimination that the Plaintiff has experienced throughout his time at Nucor has built on itself and cumulatively causes him damages, in terms of loss of job opportunities and pay today. These failures to promote Plaintiff and to properly, and in a non-discriminatory manner, pay and classify the Plaintiff have inhibited other opportunities for his advancement into higher, better paying or supervisory roles in the department.

18. At the same time, Caucasian employees with lesser experience, skills and/or qualifications have been given promotions and/or increased pay grades.

19. Plaintiff also progressed to pay grades more slowly than Caucasian employees of less or similar experience, skill and/or qualification.

20. For example, a Caucasian male with similar or less experience, skill and/or qualification than Plaintiff, was hired into the department as a day shop mechanic at a pay grade 5 (higher than the Plaintiff), and within less than a year

was promoted to a Shift Mechanic position which is a pay grade 8 (also higher than the Plaintiff).

21.     At each level and grade of the Plaintiff's work for Nucor and his pay, he was paid less than Caucasian employees of equal or less or similar experience, skill and/or qualification.  This is true as to each job level that the Plaintiff held due to the Plaintiff's work at that job level, and also due to each of the Plaintiff's job levels and pay for each job level being dependent upon his previous job levels and pay, which were themselves lower than they should have been, due to wage discrimination.  At each level and grade of the Plaintiff's work for Nucor and his pay, he was denied equal pay for equal work, and the Plaintiff suffered wage discrimination.

22.     During the Plaintiff's employment, Caucasian employees have been given additional training and leeway to help them advance that the Plaintiff has not received, which has negatively affected his advancement.

23.     During Plaintiff's employment, the Defendant has held Plaintiff, an African American, to a heightened standard to which it does not hold Caucasian co-workers, discriminating against Plaintiff on account of his race. Defendant subjects Plaintiff to scrutiny not applied to his Caucasian co-workers. Actions of this nature included, but are not limited to, excessive micromanagement, harassment, unequal and disproportionate discipline, and requiring testing before

granting pay raises that is not required for similarly situated Caucasian employees to receive pay raises.

24. The Plaintiff and other African American workers have had hurdles and impediments placed in front of them and their job advancement at Nucor that similarly situated Caucasians have not.

25. Plaintiff and other African American workers have often been required to provide detailed accounts of what work he had completed, while similarly situated Caucasian co-workers are not required to do so.

26. During his employment, Plaintiff has also received an unequal share of the less desirable job duties, often being assigned the most physically demanding jobs while similarly situated Caucasian co-workers have easier or more diverse work opportunities that were not as demanding.

27. Plaintiff was also assigned to an undesirable straight night work shift that similarly situated Caucasian co-workers did not have to work.

28. All of the foregoing worsened after the Plaintiff complained to Nucor about the discrimination against him, and again after filing an EEOC charge against Nucor regarding the discrimination against him, which was retaliation against him for engaging in those protected activities. Plaintiff has been held to an even higher level of scrutiny since those events and is constantly being watched

and nitpicked by his supervisors while similarly situated Caucasian co-workers are not.

29. As a result of and/or along with the foregoing and the heightened scrutiny on the Plaintiff, Plaintiff has been given discipline write-ups that similarly situated Caucasian co-workers did not get for similar situations and would not get, because they are not held to the same heightened standard as the Plaintiff.

## COUNT ONE – Violation of Title VII

30. The Plaintiff incorporates and re-alleges paragraphs 1–29 of this Complaint as if set forth fully herein.

31. The Plaintiff has timely and fully complied with all prerequisites for administrative exhaustion and timely brings this suit within 90 days of receiving his Notice of Right to Sue.

32. At all relevant times, Plaintiff has been an employee of Defendant and Defendant has controlled the means and manner of Plaintiff's work.

33. Defendant Nucor has intentionally discriminated and retaliated against the Plaintiff, an African American employee, with malice or reckless disregard to the Plaintiff's federally protected rights. This includes, but is not limited to, wage discrimination.

34. The Defendant's unlawful race discrimination has caused Plaintiff to suffer financial loss, economic loss, shame, humiliation, and emotional distress.

35. The Plaintiff has no plain, adequate or complete remedy at law to correct the Defendant's unlawful discriminatory employment practices, and the equitable relief he seeks is the only means by which he may secure full relief from these practices. The Plaintiff is now suffering and will continue to suffer irreparable injury from this unlawful discrimination.

36. As a direct and proximate result of the Defendant's conduct, the Plaintiff has specifically suffered lost wages and benefits, mental anguish, emotional distress, and other damages due to the Defendant's acts, as set forth above.

37. The Defendant's acts were intentional and/or taken with reckless indifference to the Plaintiff's federally protected rights, and thus entitle the Plaintiff to an award of non-pecuniary damages.

## COUNT TWO – Violation of 42 U.S.C. § 1981

38. The Plaintiff incorporates and re-alleges paragraphs 1–37 of this Complaint as if set forth fully herein as violations of Section §1981.

39. Defendant Nucor has with malice or reckless indifference to the federally protected rights of the Plaintiff violated §1981 by unreasonably interfering with Plaintiff's employment with Defendant, denying Plaintiff the same right to make, enforce and enjoy the benefits of contracts as Caucasian persons by

discriminating against him in the workplace based on his race, and retaliating against him for protected activity, all in violation of 42 U.S.C. § 1981.

40. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered lost wages and benefits, mental anguish, emotional distress, and other damages.

41. The Defendant's acts were intentional and/or taken with reckless indifference to the Plaintiff's federally protected rights, thus entitling the Plaintiff to an award of non-pecuniary damages.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully requests that this Court grant the following relief:

(a) Grant the Plaintiff a declaratory judgment that the practices complained of herein are in violation of Title VII of the 1964 Civil Rights Act, as amended, and 42 U.S.C. § 1981;

(b) Grant the Plaintiff an Order enjoining the Defendant from engaging in discriminatory practices on the basis of race;

(c) Grant the Plaintiff the appropriate amount of back pay, loss of employment benefits, and other damages for the unlawful and discriminatory practices of the Defendant, or in the alternative, front pay;

(d) Grant the Plaintiff an award of compensatory and/or punitive damages to make him whole;

(e) Award the Plaintiff his costs and expenses, including a reasonable attorney's fee; and,

(f) Award such other and further relief as may be permitted by statute or as may be just and proper.

DATED this 3rd day of November, 2017.

Respectfully Submitted,

**/s/ David A. Hughes**
David A. Hughes (ASB-3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com
*Attorney for Plaintiff*

### Jury Demand

Plaintiff demands trial by struck jury.

**Please serve Defendant at:**

Nucor Steel Birmingham, Inc.
c/o CT Corporation
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104