IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONALD BAKER,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | 2:17-cv-01863-KOB |
| ] | |
| **NUCOR STEEL BIRMINGHAM INC.** ] | |
| ] | |
| Defendant. ] | |

## MEMORANDUM OPINION

Plaintiff Ronald Baker sues Defendant Nucor Steel Birmingham, Inc., raising claims of (1) race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*; and (2) race discrimination, in violation of 42 U.S.C. § 1981. (Doc. 1). He seeks a declaratory judgment, an injunction enjoining Nucor from engaging in race discrimination, and monetary damages. (*Id.* at 10–11). This case is before the court on Nucor's motion to dismiss the complaint or, alternatively, motion for more definite statement. (Doc. 3). Nucor contends that Mr. Baker failed to exhaust his administrative remedies for several of his claim, that he failed to state a claim, and that the statute of limitations bars parts of his claims.

The court WILL DENY Nucor's motion to dismiss the complaint or, alternatively, for a more definite statement. The court WILL NOT DISMISS Mr. Baker's Title VII claim of retaliation, contained in Count One, because he exhausted his administrative remedies for that claim. The court WILL NOT DISMISS any of Mr. Baker's other claims because the complaint states a claim for race discrimination and Mr. Baker is not required to plead facts refuting Nucor's statute of limitations defense.

## I. BACKGROUND

At the motion to dismiss stage, the court must accept as true the allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But the court may also consider documents attached to a motion to dismiss if they are central to the complaint and the plaintiff does not challenge their authenticity. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). In this case, Nucor attached the charge of discrimination that Mr. Baker filed with the Equal Employment Opportunity Commission ("EEOC"), and Mr. Baker does not dispute the authenticity of that document, so the court will consider it in ruling on this motion to dismiss.

Mr. Baker is an African American man who began working for Nucor on July 9, 2012. At that time, Nucor assigned him to the Melt Shop department at pay grade two. Mr. Baker does not state what position he now occupies within that department.[1] He does state that, at an unspecified time, Nucor also hired an unnamed Caucasian man "with similar or less experience, skill and/or qualification" at pay grade five, and within a year, Nucor promoted that man to a Shift Mechanic position at pay grade eight. Both grade five and grade eight pay more than pay grade two. Besides that unnamed man, Mr. Baker alleges that Nucor has hired other unidentified but similarly situated Caucasian employees at higher positions than him, and that Nucor has promoted those employees over him. He further alleges that Nucor provides Caucasian employees performing the same tasks as him training and mentoring that it did not provide to

---

[1] Mr. Baker indicates, in his response to Nucor's motion to dismiss, that Nucor recently fired him. (Doc. 7 at 3). But "[a] plaintiff may not amend [his] complaint through argument in a brief." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). As a result, because Mr. Baker's complaint does not address his termination, the court will assume that Nucor still employs him.

2

him, and that Nucor holds him to a higher standard than it holds his Caucasian coworkers. (Doc. 1 at 2, 4, 5–6).

Specifically, Mr. Baker alleges that Nucor micromanages him; harasses him; disciplines him disproportionately; requires testing for pay raises from him that it does not require from similarly situated Caucasian employees; requires him and other African American employees to account for their work in a way Caucasian employees are not required to do; assigns him an unequal share of less desirable job duties, including physically demanding jobs; and assigns him undesirable night shifts. (Doc. 1 at 6–7).

On March 28, 2016, Mr. Baker filed a charge of discrimination with the EEOC. (Doc. 3-2). The form asks for the complainant to identify whether the discrimination is based on, among other things, race, color, and retaliation. Mr. Baker checked the boxes for race and color, but did not check the box for retaliation. In the narrative, Mr. Baker stated that Nucor discriminated against him by disproportionately assigning him undesirable tasks and shifts; failing to promote him; and requiring skill testing from him that the company did not require from Caucasian employees.

Mr. Baker alleges that, *after* he filed his charge with the EEOC, his supervisors have "constantly . . . watched and nitpicked" him. And as a result of the heightened scrutiny, he has received disciplinary write-ups that similarly situated Caucasian coworkers have not received in similar situations. (Doc. 1 at 7–8).

On August 6, 2017, the EEOC issued Mr. Baker a notice of right to sue. (Doc. 1-1). Mr. Baker filed this lawsuit on November 3, 2017. (Doc. 1).

## II. DISCUSSION

Nucor contends that Mr. Baker failed to exhaust his administrative remedies as to some of his claims; that the complaint fails to state a claim because it is conclusory and vague; and that the statute of limitations bars parts of Mr. Baker's claims. (Doc. 3).

### 1. Administrative Exhaustion

Nucor contends that Plaintiff failed to administratively exhaust his Title VII claims of harassment and retaliation by filing a charge with the EEOC that raised those claims. (Doc. 3 at 15–17). Mr. Baker responds that his EEOC charge did not complain of retaliation because Nucor had not yet retaliated against him when he filed it. (Doc. 7 at 20). He does not respond to Nucor's contention that he failed to administratively exhaust a claim of harassment.

A plaintiff seeking to raise a Title VII claim must administratively exhaust that claim by filing a charge of discrimination with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). The administrative exhaustion requirement exists to allow the EEOC "the first opportunity to investigate the alleged discrimination practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* (quotation marks omitted). As a result, the complaint may raise only claims that "'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint." *Id.* (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). The court must consider whether the claim "was like or related to, *or grew out of*, the allegations contained in [the] EEOC charge." *Id.* at 1280 (emphasis added).

Nucor moves to dismiss a purported harassment claim for failure to exhaust administrative remedies. The court is not convinced that Mr. Baker raised an independent claim of harassment. Mr. Baker's complaint made only one passing reference to harassment in the

4

statement of facts, and he did not respond to Nucor's argument that he failed to exhaust his administrative remedies for a harassment claim. (*See* Doc. 1 at 6; Doc.7). In addition, the complaint failed to provide any specific facts that would support a claim of harassment. As a result, the court deems the complaint not to have raised a claim of harassment in the first place.

Next, Nucor contends that Mr. Baker failed to administratively exhaust his Title VII claim of retaliation, contained in Count One. Mr. Baker's EEOC charge alleged that Nucor engaged in race and color discrimination. (Doc. 3-2 at 2). He concedes that he did not raise his retaliation claim in his EEOC charge, but he contends that he *could not* have exhausted it because Nucor retaliated against him *based on* his filing a charge with the EEOC. (Doc. 7 at 20).

In making the argument that he did not need to administratively exhaust his Title VII retaliation claim, Mr. Baker relies on the former Fifth Circuit's holding that a plaintiff need not administratively exhaust a retaliation claim where the employer allegedly retaliated against the plaintiff for filing an EEOC charge. *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. Aug. 28, 1981); *see also Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988). In *Gupta*, the plaintiff filed two EEOC charges. *Gupta*, 654 F.2d at 412–13. After he filed a lawsuit based on the same conduct, his employer declined to renew his contract, and the plaintiff added a claim for retaliation, but he did not file a new EEOC charge. *Id.* at 413. The former Fifth Circuit held that the plaintiff did not need to administratively exhaust the retaliation claim because the alleged retaliation "[grew] out of" the earlier EEOC charges. *Gupta*, 654 F.2d at 414.

Requiring a plaintiff in this type of situation to file a new EEOC charge "would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." *Gupta*, 654 F.2d at 414. And "[c]ourts are . . . extremely reluctant

5

to allow procedural technicalities to bar claims brought under Title VII." *Gregory*, 355 F.3d at 1280 (quotation marks and alteration omitted).

Years later, in *Baker*, the plaintiff filed a complaint raising a claim of racial discrimination. 856 F.2d at 168. She later moved for a preliminary injunction, seeking to enjoin alleged retaliatory actions taken as a result of her lawsuit, even though she had not raised a claim of retaliation in an EEOC charge or in her original complaint. *Id.* Relying heavily on *Gupta*, the Eleventh Circuit held that the plaintiff could seek injunctive relief for the allegedly retaliatory conduct without filing a new EEOC charge "[b]ecause a claim of retaliation could reasonably be expected to grow out of the original charge of discrimination." *Id.* at 169.

Nucor contends that an unpublished decision of the Eleventh Circuit has limited the holding in *Gupta* and *Baker*. In *Duble v. FedEx Ground Package System, Inc.*, the Eleventh Circuit held that the *Gupta* and *Baker* rule does not apply where the plaintiff alleges an act of discrimination occurring after he filed his EEOC charge but *before* he filed his complaint. 572 F. App'x 889, 893 (11th Cir. 2014). In *Duble*, the plaintiff filed an EEOC charge and, while the EEOC was investigating the charge, the plaintiff's employer fired the plaintiff because it found emails of his that it determined were in violation of its email policy. *Id.* at 891. The Eleventh Circuit explained that, because the plaintiff "had the opportunity to amend his EEOC charge or file a new charge relating to his termination" and he did not do so, he had failed to exhaust his administrative remedies and could not bring his retaliation claim in federal court. *Id.*

Unpublished decisions are not binding authority. *See Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co.*, 480 F.3d 1254, 1260 n. 3 (11th Cir.2007). The *Duble* decision drew a distinction from the *Gupta* and *Baker* decisions based on whether the alleged retaliation occurred after the plaintiff filed his judicial complaint, but neither the *Gupta* decision nor the *Baker* decision relied

6

on the timing of the alleged retaliatory conduct. Instead, those decisions rested on the fact that the alleged retaliation "[grew] out of an administrative charge that [was] properly before the court." *Gupta*, 654 F.2d at 414; *Baker*, 856 F.2d at 169. And, in addition, the *Gupta* decision explained that requiring a plaintiff to file another EEOC charge would simply require "a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." *Gupta*, 654 F.2d at 414. The Eleventh Circuit has, in other cases, reiterated that policy-based rationale and its reluctance to use procedural technicalities to bar Title VII claims. *See Gregory*, 355 F.3d at 1279–80. As a result, the court finds that *Gupta* and *Baker* bind it, and the court will not follow the unpublished decision in *Duble*.

As in *Gupta*, Mr. Baker filed an EEOC charge alleging discrimination by his employer. He now alleges that, based on his filing of that administrative charge, Nucor retaliated against him. Although he did not file another EEOC charge about the retaliation, he did not need to do so because the alleged retaliation "[grew] out of" the EEOC charge that he did file. The court WILL DENY the motion to dismiss and WILL NOT DISMISS Mr. Baker's claims for failure to exhaust administrative remedies.

2.  Failure to State a Claim or, Alternatively, Request for a More Definite Statement

Nucor contends that the complaint fails to state a claim because the factual allegations are too vague and conclusory to provide it adequate notice of the charges against which it must defend itself and because the complaint is a shotgun pleading. (Doc. 3 at 5–8, 12–15). Nucor also argues that, if the court declines to dismiss the complaint with prejudice, the court should require Mr. Baker to provide a more definite statement. (*Id.* at 12–15).

Federal Rule of Civil Procedure 8(a) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) attacks the legal sufficiency of the complaint. "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). The court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Id.* at 1265. But the court need not accept as true the plaintiff's legal conclusions. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Accordingly, the court must distinguish between the complaint's well-pleaded factual allegations and the complaint's legal conclusions made without adequate factual support. *Id.* A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not state a claim sufficient to survive a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 555.

In support of its motion to dismiss the complaint for failure to state a claim, Nucor argues that the complaint fails to provide any details identifying the similarly situated Caucasians who Nucor treated more favorably than Mr. Baker; how Nucor treated them more favorably; or any specific dates on which the allegedly discriminatory acts occurred. (Doc. 3 at 2). But the court concludes that the complaint complies with Rule 8(a). Mr. Baker alleges that Nucor hired at least one Caucasian man who had "similar or less experience, skill and/or qualifications" at a higher level of pay than it paid Mr. Baker, and that Nucor promoted and increased the pay of that unnamed man despite not promoting Mr. Baker. (Doc. 1 at 5–6). He also alleges that Nucor holds him to a higher standard than it holds his Caucasian coworkers and assigns him less desirable duties and shifts than it assigns his Caucasian coworkers. (*Id.* at 4, 6–7).

8

Mr. Baker's factual allegations may be sparse and surrounded by conclusory allegations, but the existence of conclusory statements does not override the factual allegations he did make. And those factual allegations suffice to state a claim for racial discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (holding that a complaint complies with Rule 8(a) if it gives the defendant "fair notice of the basis for [the plaintiff]'s claims"); *see also Twombly* (expressly stating that the decision in *Twombly* did not run counter to the decision in *Swierkiewicz*).

Nucor takes issue with Mr. Baker's failure to provide any names of his Caucasian coworkers. But although Mr. Baker does not provide names, he does identify a *specific* Caucasian man who he alleges had similar experience, skill, and qualifications, and who was hired at a higher level and promoted more quickly than Mr. Baker. Contrary to Nucor's contention, Mr. Baker has not "failed to identify *any* specific nonminority employees of [the defendant] who were treated differently in other similar cases." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274 (11th Cir. 2004) (emphasis in original).

Nucor also takes issue with Mr. Baker's failure to name his supervisors or the opportunities Nucor allegedly denied him. (Doc. 3 at 8). First, although Mr. Baker does not identify any of his supervisors by name, the court finds that omission is not fatal to his complaint. No heightened pleading standard applies to claims of race discrimination or retaliation. *See Swierkiewicz*, 534 U.S. at 513 ("[C]omplaints in [employment discrimination] cases, as in most others, must satisfy only the simple requirements of Rule 8(a)."). Second, the court notes that Mr. Baker did identify an opportunity that he alleges Nucor denied him. Mr. Baker states in his complaint that Nucor never promoted him to "a lead shift mechanic position, the highest non-supervisory role in the department, a position for which he was and is

9

qualified." (Doc. 1 at 5). The shortcomings in factual details that Nucor laments can be remedied in discovery.

The court WILL DENY Nucor's motion to dismiss the complaint for failure to state a claim. Nucor moves, in the alternative, for Mr. Baker to provide a more definite statement, under Federal Rule of Civil Procedure 12(e). Rule 12(e) permits a party to move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[A] party may not use a Rule 12(e) motion to circumvent the short and plain statement requirement or to obtain information that can otherwise be obtained in discovery." *Harris v. Fisher-Price Inc.*, 2013 WL 9861461, at *1 (N.D. Ala. Oct. 24, 2013).

The court concludes that the complaint is not so vague or ambiguous that Nucor cannot reasonably prepare a response. Mr. Baker identified his employer, the date he began work, the department in which he works, the pay grade at which he started, and provides a general description of the allegedly discriminatory actions taken by Nucor. If Nucor lacks knowledge sufficient to either admit or deny an allegation, Rule 8 permits it to state that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation."
Fed. R. Civ. P. 8(b)(5).

Finally, the court notes that the initial complaint is a shotgun pleading because it "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The Eleventh Circuit has explained that shotgun pleadings are

problematic because "they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Although the complaint is a shotgun pleading, the court declines to dismiss it or order repleading on that basis. Not all shotgun pleadings are fatal. *See Weiland*, 792 F.3d at 1319–24 (concluding that the district court abused its discretion by dismissing a complaint as a shotgun pleading because, although the complaint was "not a model of efficiency or specificity, . . . it [did] put [the defendants] on notice of the specific claims against them and the factual allegations that support those claims"). The complaint contains few factual allegations and only two counts, one of violating Title VII and one of violating § 1981. (Doc. 1 at 8–10). Each of the two counts are based on the same factual allegations. (*See id.*). In these circumstances, the fact that Mr. Baker incorporated the paragraphs in Count One into Count Two does not make his complaint so confusing that it deprives Nucor of adequate notice of the claims against it.

3. Statute of Limitations

Nucor contends that this court must dismiss any of the Title VII claims arising from discriminatory acts that occurred before September 30, 2015, as barred by the statute of limitations. (Doc. 3 at 9–10). Nucor also requests an order stating that any of Mr. Baker's § 1981 claims "are barred with respect to any complained-of acts that occurred outside the respective statute of limitations." (*Id.* at 11).

Mr. Baker's complaint contains only one date: July 29, 2012, the date on which Nucor hired him. (Doc. 1 at 4). He does not specify when any of the alleged discriminatory acts occurred. (*See generally* Doc. 1). But "[a] statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks and alterations

11

omitted).  At the motion to dismiss stage, the court may dismiss a claim under the statute of limitations *only* if "the face of the complaint" makes clear that the claim is time-barred.  *Id.*

Because Mr. Baker was not required to plead facts showing that the statute of limitations did not bar his claims, the court WILL NOT dismiss his claims based on that affirmative defense.

### III.    CONCLUSION

The court WILL DENY Nucor's motion to dismiss the complaint or, alternatively, for a more definite statement.  The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 13th day of June, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE